ROGERS, Justice.
 

 This is a devolutive appeal from a judgment dismissing plaintiff’s suit on an exception of no right or cause of action. We find no error in the judgment.
 

 Plaintiff’s petition discloses the following facts, viz.:
 

 That plaintiff, the Mississippi-Louisiana Syrup Company, Inc., on July 2,1928, granted a mortgage on the property described in the petition in favor of one Theo. Calhoun to secure the mortgagor’s note for $70,000, payable one year 'after date. That although the note was nominally issued to Calhoun, the Canal Bank & Trust Company, defendant, immediately took possession of the instrument to cover certain indebtedness due the bank by the syrup company. That on November 30, 1932, the defendant bank instituted a foreclosure proceeding against the' property securing the mortgagor’s note.
 

 On December 12, 1932, the present suit was brought to annul the note and mortgage executed by the Mississippi-Louisiana Syrup
 
 *740
 
 Company, Inc., on July 2, 1928, and to cancel the inscription of the mortgage on the mortgage records.
 

 The petition alleges that the note and mortgage should be annulled, because the resolution of the board of directors of the plaintiff company, authorizing their execution, was subject to the approval of all the stockholders of the corporation, and that two of the stockholders were not present, either in person or by proxy, at the meeting of the stockholders which authorized the issuance of the note and the granting, -of the mortgage to secure its payment.
 

 But the petition not only admits the validity of the resolution adopted by the board of directors of the corporation authorizing the execution of the note and mortgage, but it also shows, according to the recitals of the resolution itself, that all the stoekholdérs of the corporation, including the two stockholders referred to by plaintiff, were present or represented at the special meeting of the stockholders that approved the transaction.
 

 There is no allegation in the petition the defendant bank had actual knowledge of the fact that two of the stockholders of the corporation were not present or represented at' the special meeting, if such be the fact. There is the general allegation that there was' no corporate authorization for the execution of the note and mortgage, which a mere inspection of the corporate records would have disclosed, and that the defendant bank was chargeable with notice of the nullity. But the petition fails to show how the alleged nullity could have been discovered by an inspection of the-corporate records, since by its own averments it affirmatively shows that according to those records the resolution of the board of directors was validly adopted and that all the stockholders were ^present or represented at the special meeting of the stockholders of the corporation.
 

 The note and mortgage were executed on July. 2, 1928, and the foreclosure proceeding was instituted on November 30, 1932. There is no showing in the petition that at any time during this entire period of four years and four months the plaintiff ever questioned the validity of the instruments. No denial is made in the petition that the indebtedness represented by the note and mortgage was due the defendant bank. Nor does the petition show that ■ plaintiff never received any benefit or advantage from the transaction.
 

 Finally, as hereinabove remarked, it is admitted in the petition that there was a valid resolution of the board of directors of the plaintiff corporation authorizing the execution of the note and mortgage. Section 7 of Act No. 267 of 1914, as amended and reenacted by Act No. 257 of 1926, which was the law in force at the time the transaction was consummated, provides that every corporation shall have power to invest its board of directors with all corporate powers subject to such restrictions as may be named in the charter. As possessor of all the corporate powers and as manager of all the business and affairs of the plaintiff corporation, its board of directors had the clear right and authority to execute the note and mortgage herein attacked, unless it was otherwise provided in the charter of the plaintiff corporation. And although the petition alleges that there was no corporate authorization for the
 
 *742
 
 execution of the note and mortgage, because of the alleged illegal meeting of the stockholders which approved the transaction, the petition do.es not allege that there were any charter restrictions of the powers of plaintiff’s board of directors, or that the charter of the plaintiff corporation required its stockholders to approve any mortgage granted on the corporation’s property.
 

 On May 20,1933, the defendant Canal Bank & Trust Company went into voluntary liquidation, and J. S. Brock, state bank commissioner, and his special agent, Harry G. Thompson, were placed in charge of the bank for the purpose of the liquidation. On motion of the state bank commissioner and his special agent filed in this court on September 29, 1934, they were made parties defendant herein.
 

 Eor the reasons assigned, the judgment appealed from is affirmed.